IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| DECATUR EMERGENCY MEDICAL SERVICES, INC., | ) ) | CASE NO. 14-80531-JAC11 CHAPTER 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GADSDEN/ETOWAH EMS, INC., | ) | CASE NO. 14-80532-JAC11 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | |

**MOTION FOR JOINT ADMINISTRATION OF
CASES UNDER BANKRUPTCY RULE 1015**

COME NOW, Decatur Emergency Medical Services, Inc. and Gadsden/Etowah EMS, Inc. (collectively, the "Debtors"), and file this Motion for Joint Administration of Cases under Bankruptcy Rule 1015. In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. Decatur Emergency Medical Services, Inc. ("DEMS") is an Alabama corporation having its principal place of business at 1310 4th Avenue, Decatur, AL 35601. Gadsden/Etowah EMS, Inc. ("GEEMS") is an Alabama corporation having its principal place of business at 302 North Hood Avenue, Gadsden, AL 35903.

3. Roger D. Stanmore ("Stanmore") owns one hundred percent (100%) of the capital stock of DEMS and GEEMS. Stanmore is also the President of DEMS and GEEMS.

4. The Debtors provide emergency medical services and other related services in Morgan and Etowah Counties respectively.

5. As of February 25, 2014, (the "Petition Date"), the Debtors held a total aggregate of approximately $1,921,880.56 book value in assets and $1,820,127.93 book value in liabilities and employed numerous people in connection with their various operations.

6. As of the Petition Date, DEMS primarily owes approximately $785,227.06 to the Internal Revenue Service ("IRS"). As of the Petition Date, GEEMS also primarily owes approximately $362,367.51 to the IRS. The IRS has filed numerous tax liens against the Debtors and conveyed its intent to levy against the Debtors' assets prior to the filing the bankruptcy cases.

7. On the Petition Date, the Debtors filed separate voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., in this Court. Simultaneously therewith, the Debtors have filed this Motion for Joint Administration of the Debtors' cases.

8. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. To date, this Court has not appointed a trustee or examiner nor has any official committee been established in these bankruptcy cases.

9. Through the filing of the chapter 11 cases, the Debtors seek to accomplish a possible sale of the businesses, which will allow Debtors to distribute funds to their creditors in an organized and orderly liquidation.

**RELIEF REQUSTED**

10. Each of the Debtors' bankruptcy cases are currently pending before this Court.

11. Debtors are affiliates within the meaning of 11 U.S.C. § 101(2) and Fed. R. Bankr. P. 1015(b)(4).

12. Joint administration of the Debtors' cases will avoid substantial unnecessary costs, duplicate proceedings, and delay in these bankruptcy cases, including duplicative costs of copying, postage and attorneys' fees and expenses. It will also reduce the Court's workload in docketing and administering these chapter 11 cases. Moreover, joint administration is in the best interest of the Debtors' estates and their creditors.

13. No prejudice will result to any party in interest from joint administration of the Debtors' cases and no substantive rights of creditors or parties in interest will be affected by an order approving joint administration.

14. Once jointly administered, the Debtors propose to file only one original document to be placed in the court's file for Decatur Emergency Medical Services, Inc., Case No. 14-80531-JAC11. In the Court's files for the related case, creditors and parties in interest will be directed to the file for Case No. 14-80531 to locate all pleadings filed subsequent to entry of the Court's joint administration order.

15. All professionals who file fee applications should be permitted to file fee applications in just one case for all work done for all of the Debtors.

WHEREFORE, the Debtors pray that the Court enter an order:

(1) Approving the joint administration of these bankruptcy cases, including:

(a) the use of a single docket for administrative matters, and the filing, lodging and docketing of pleadings and orders; however, each case will have a separately maintained claims register;

(b) the combining of notices to creditors and parties in interest;

3

Case 14-80531-JAC11 Doc 3 Filed 02/25/14 Entered 02/25/14 17:07:54 Desc Main
Document Page 3 of 4

(c) the scheduling of hearings;

(d) financial reporting by each individual Debtor; and

(e) the joint handling of other administrative matters.

(2) granting such other legal and equitable relief to which they may be entitled.

Respectfully submitted this 25th day of February, 2014.

*/s/ Kevin D. Heard*
Kevin D. Heard

*/s/ Angela S. Ary*
Angela S. Ary

Proposed Attorneys for Debtors
Heard Ary, LLC
303 Williams Ave. SW, Suite 921
Huntsville, Alabama 35801
256-535-0817
kheard@heardlaw.com
aary@heardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing document upon Richard Blythe, Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, and those parties listed on the Clerk's certified matrix, by electronic service through the Court's CM/ECF system or by placing a copy of the same in the United States Mail, postage prepaid, on this the 25th day of February, 2014.

*/s/ Kevin D. Heard*
Kevin D. Heard